# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right<br><br>      Plaintiff,<br>v.<br><br>Penn State Hershey Milton S. Hershey Medical Center<br><br>      Defendant. | CIVIL ACTION<br><br>NO.: 1:16-cv-01657-YK<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right, hereby oppose Defendant's Motion for Partial Summary Judgment and answer the said Motion as follows:

1. Admitted.

2. Denied as stated. By way of background and as described in Plaintiff's complaint (Exhibit "A"), Mr. Vargas, along with his wife of many years, JoAnna Vargas, came to the Hershey Medical Center with a substantial gastrointestinal bleed for which he needed intensive care management. In spite of knowing that Mr. Vargas had a history of significant GI bleeding, the defendant's health care providers rushed to discharge Mr. Vargas from the hospital, knowing that they never made a diagnosis and never found the source of the bleed. Worse yet, these physicians specifically told Mrs. Vargas that her husband would be fine to fly to Florida. Regrettably, they were completely wrong, and he suffered a massive GI bleed while trapped in an airliner over North Carolina. Mr. Vargas bled to death in the airplane, right in front of Mrs. Vargas.

Mrs. Vargas was present when the negligent discharge planning occurred.  See generally Exhibit "B," the entire transcript of Mrs. Vargas' deposition, and in particular p. 45: l. 13-20; p. 50 l. 2 – 55:13; p. 66l. 19 – 74 l. 11; p. 74 l. 12 – 76 l. 24;  p. 80 l. 2 – 81 l. 11; p. 81 l. 23 – 83 l. 12.

3. Denied.  It is denied that plaintiff will be unable to sustain her burden of proof with respect to their claims for Negligent Infliction of Emotional Distress.  To the contrary, this Commonwealth's caselaw is clear that this is the precise scenario for which a negligent infliction of emotional distress claim is appropriate.  See, e.g., Toney v. Chester Co. Hosp., 961 A.2d 192, 297-98 (Pa. Super. 2008), aff'd., 36 A.3d 83 (Pa. 2011).

4. It is admitted only that a cause of action for Negligent Infliction of Emotional Distress has been recognized where (1) the defendant owed plaintiff a pre-existing duty based upon a special or contractual relationship, such as the doctor-patient relationship here; (2) plaintiff was subjected to a physical impact; (3) plaintiff was in a zone of danger, thereby reasonably experiencing fear of a physical impact; or (4) plaintiff observed a tortious injury to a close relative or herself.  Toney v. Chester Co. Hosp., 961 A.2d 192, 297-98 (Pa. Super. 2008), aff'd., 36 A.3d 83 (Pa. 2011).[1]

5. Denied.  This is not merely a case of "bystander liability," as defendant attempts to claim.  This husband and wife relationship is unquestionably the same category and level as the "special relationship" in Toney.  See Turner v. Medical Ctr., 686 A.2d 830 (Pa. Super. 1996).  Accordingly, Plaintiff JoAnna Vargas was in a "special relationship" with the defendant's health care providers.  The Pennsylvania Supreme

---

[1] Surprisingly, although Toney is one of the seminal cases on this claim, the defendant has failed to address, much less include, this case in its brief or Memorandum of Law.

Court held in Toney that a special relationship exists between a pregnant patient and her obstetrician(s), stating that:

> some relationships, including some doctor-patient relationships, will involve an implied duty to care for the plaintiff's emotional well-being that, if breached, has the potential to cause emotional distress resulting in physical harm. In this case, involving the **very sensitive and emotionally charged field of obstetrics**, we conclude that Defendants **had such an implied duty to care for Plaintiff's emotional well-being.**

Toney, 36 A.3d at p. 95. (Emphases supplied.)

> The Court conclude[d] that Defendants did owe Plaintiff an implied duty to care for her emotional well-being, and that it was foreseeable that a breach of this duty could result in severe emotional disturbance causing physical injuries to Plaintiff. Here, Defendants were performing a medical procedure in a **sensitive area of practice fraught with emotions of expectant parents**.

Toney, 36 A.3d p. 99. (Emphases supplied.) So, too, did that special relationship exist here. Mrs. Vargas, as spouse, was the one who was being consulted for her husband's critical GI bleed. A spouse has an analogous special relationship for purposes of a Negligent Infliction of Emotional Distress claim as that in Toney. Turner v. Medical Ctr., 686 A.2d 830 (Pa. Super. 1996). It was she who was being told Mr. Vargas was safe for discharge and travel. And she was the one who was not warned of the risks of flying with an undiagnosed source of a critical and potentially fatal GI bleed. And Mrs. Vargas was the one who watched the life flow from her husband while trapped in an airliner over North Carolina. The plaintiff in that case "alleged that Defendants breached their duty by failing to interpret her ultrasound properly," which denied her the opportunity to prepare herself for the later shock of giving birth to a child with profound abnormalities. Toney, 36 A.3d p. 95. And the defendant's personnel breached its duty

to Mrs. Vargas by failing to warn her and her husband of the risks of flying and the inability to treat another massive GI bleed if it occurred in the air.

Indeed, the defendant does not and cannot contend otherwise. Rather than attempt to dispute that they stood in a special relationship to plaintiff JoAnna Vargas, they ignore this basis for a cause of action for negligent infliction emotional distress.

Lastly, Mrs. Vargas has a claim under the "bystander rule." As originally stated, a claim under this rule is contingent upon whether (a) the plaintiff was located near the scene of the trauma, rather than a distance away from it; (b) the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observation of the trauma, rather than learning about it second-hand after the occurrence[2]; and (c) the plaintiff and the victim were closely related, as opposed to the absence of a relationship or the presence of only a distant relationship. Sinn v. Burd, 404 A.2d 672, 685 (Pa. 1979).

The Defendant does not dispute that Mrs. Vargas was at the scene of the trauma. They merely assert that Mrs. Vargas did not observe the initial misdiagnosis of the source of the GI bleed and ignore all the other negligent acts and omissions plaintiffs did contemporaneously observe and the trauma they suffered as a result. That is insufficient to sustain a Motion for Summary Judgment. Mr. & Mrs. Vargas had a close a familial relationship as possible. And the defendant cannot truly contend otherwise.

---

[2] However, Pennsylvania courts have since allowed recovery where the plaintiff did not witness the traumatic event. For example, the Superior Court upheld an award for emotional distress to the estate of a mother who heard "a commotion" and "ran to the scene, only to see her children horribly injured in the accident." Krysmalski v. Tarasovich, 622 A.2d 298 (Pa. Super. 1993), appeal denied, 636 A.2d 634 (Pa. 1993).

6. Denied. By way of further answer hereto, the plaintiff incorporates the averments of ¶5 above.

7. Denied. By way of further answer hereto, the plaintiffs incorporate the averments of ¶5 above.

8. Admitted.

9. Admitted.

10. Denied as stated. The evidence is far from uncontested, and Summary Judgment is inappropriate.

**WHEREFORE**, it is respectfully requested that Defendant's Motion for Partial Summary Judgment be DENIED.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

/s/James E. Beasley, Jr.
JAMES E. BEASLEY, JR.
PA Attorney I.D. No. 83282
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.931.2689
215.592.8360 (telefax)
jim.beasley@beasleyfirm.com

Dated: 9 March 2018        Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right | : <br> : <br> : <br> : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO.: 1:16-cv-01657-YK <br> : |
| Penn State Hershey Milton S. Hershey Medical Center | : JURY TRIAL DEMANDED <br> : <br> : |
| Defendant. | : |

## **CERTIFICATE OF WORD COUNT**

The undersigned certifies, in accordance with Middle District Local Rule 7.8(b), that the Defendant's Brief in Support of Motion for Partial Summary Judgment contains 3,654 words.

                                            Respectfully submitted,

                                            **THE BEASLEY FIRM, LLC**

                                            /s/James E. Beasley, Jr.
                                            JAMES E. BEASLEY, JR.
                                            PA Attorney I.D. No. 83282
                                            The Beasley Firm, LLC
                                            1125 Walnut Street
                                            Philadelphia, PA 19107
                                            215.931.2689
                                            215.592.8360 (telefax)
                                            jim.beasley@beasleyfirm.com
Dated: 9 March 2018                        Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right : : : : : Plaintiff, : v. : : Penn State Hershey Milton S. Hershey Medical Center : : : Defendant. : | CIVIL ACTION NO.: 1:16-cv-01657-YK JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, James E. Beasley, certify that a true and correct copy of Plaintiff's Response to Defendant's Motion for Partial Summary Judgment was served via the Court's ECF system upon the following:

> Jonathan B. Stepanian, Esq.
> McQuaide Blasko, Inc.
> 1249 Cocoa Ave.
> Suite 210
> Hershey PA 17033
> Attorneys for Defendant Milton S. Hershey Medical Center

                                                  /s/James E. Beasley, Jr.
                                                  JAMES E. BEASLEY, JR.

Dated: 9 March 2018