# VARGAS DEFENDANT'S PRETRIAL MEMO

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOANNA VARGAS,     :
           :
  Plaintiff     :  CIVIL ACTION
           :
  v.        :  Docket No.  1:16:CV-01657-YK
           :  (Judge Kane)
PENN STATE HERSHEY  :  (Electronically Filed)
MILTON S. HERSHEY   :
MEDICAL CENTER,    :
           :
  Defendant    :  JURY TRIAL DEMANDED

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant proposes that the attached points for charge be given to the jury prior to their deliberation and decision in this matter:

## DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 1:

Under all the evidence and the law applicable to this case, I direct, as a matter of law, that you return a verdict in favor of Defendant, the Milton S. Hershey Medical Center, and against the Plaintiffs.

ACCEPTED: _____

REFUSED:  _____

COVERED:        _____

MODIFIED:       _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 2:**

In civil cases such as this one, the Plaintiff has the burden of proving those contentions which entitle her to relief.  When a party has the burden of proof on a particular issue, a contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the Defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the Plaintiff, your verdict must be for the Plaintiffs.  If the scales tip in favor of the Defendant, or are equally balanced, your verdict must be for the Defendant.

In this case, the Plaintiff has the burden of proving that it was negligent for Dr. Charles Dye or Dr. Daniel Lotner to discharge Justino

Vargas from the Medical Center on December 3, 2014; and, that Mr. Vargas died as a result of that alleged negligence.

If, after considering all of the evidence, you feel persuaded that this proposition is more probably true than not true, your verdict must be for the Plaintiff.  Otherwise, your verdict should be for the Defendant.


Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 5.00 (Civ.).

ACCEPTED:      _____
REJECTED:      _____
COVERED:      _____
MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 3:**

Professional negligence consists of a negligent, careless, or unskilled performance by a health care professional of the duties imposed on him by his professional relationship with a patient.  It is also negligence when a health care professional shows a lack of proper care and skill in the performance of a professional act.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 14.00 (Civ.).

ACCEPTED: _____

REJECTED: _____

COVERED: _____

MODIFIED: _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 4:**

A health care professional cannot guarantee either a cure or a fortunate outcome of his treatment, and the law does not make him do so.  Accordingly, no presumption or inference of negligence arises merely because the medical care or treatment may have resulted in an unfortunate result or otherwise did not accomplish the desired purpose. The mere fact that you may find that a bad result or poor outcome occurred in Mr. Vargas's situation does not, in itself, establish any presumption or inference of negligence by Dr. Dye or Dr. Lotner. Rather, you may only hold a health care professional liable for negligence in treating the patient if you find that the treatment was unreasonable under all the circumstances then and there existing.

40 P.S. § 1303.105;  Toogood v. Rogal, 573 Pa. 245, 824 A.2d 1140, 1157 (2003); Collins v. Hand, 431 Pa. 378, 246 A.2d 398, 400-01 (1968); Lambert v. Soltis, 422 Pa. 304, 221 A.2d 173, 175 (1966); Smith v. Yohe, 412 Pa. 94, 194 A.2d 167, 170-71 (1963); Hodgson v. Bigelow, 335 Pa. 497, 7 A.2d 338, 342 (1939); O'Rourke v. Rao, 411 Pa. Super. 609, 602 A.2d 362, 365 (1992);

<u>Soda v. Baird</u>, 44 Pa. Super. 80,
600 A.2d 1274, 1282 (1991);
<u>Gallegor by Gallegor v. Felder</u>,
329 Pa. Super. 204, 478 A.2d 34,
37 (1984).

ACCEPTED:      _____

REFUSED:       _____

COVERED:       _____

MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 5:**

A physician or other health care provider cannot guarantee either a cure or a fortunate outcome of his treatment, and the law does not make him do so.  Accordingly, no presumption or inference of negligence arises merely because the medical care or treatment may have resulted in an unfortunate result or otherwise did not accomplish the desired purpose.  You may only hold a physician or other health care provider liable for a mistake or error in judgment in treating the patient if you find that the treatment was unreasonable under all the circumstances then and there existing.

Collins v. Hand, 431 Pa. 378, 246 A.2d 398, 400-01 (1968); Lambert v. Soltis, 422 Pa. 304, 221 A.2d 173, 175 (1966); Smith v. Yohe, 412 Pa. 94, 194 A.2d 167, 170-71 (1963); Hodgson v. Bigelow, 335 Pa. 497, 7 A.2d 338, 342 (1939); O'Rourke v. Rao, 411 Pa. Super. 609, 602 A.2d 362, 365 (1992); Soda v. Baird, 44 Pa.Super. 80, 600 A.2d 1274, 1282 (1991); Gallegor by Gallegor v. Felder, 329 Pa.Super. 204, 478 A.2d 34, 37 (1984).

ACCEPTED:   _____

REFUSED:        _____

COVERED:        _____

MODIFIED:       _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 6:**

A physician must have the same knowledge and skill and use the same care normally used in the medical profession.  A physician whose conduct falls below this standard of care is negligent.

A physician who professes to be a specialist in a particular field of medicine must have the same knowledge and skill and use the same care as others in that same medical specialty.  A specialist whose conduct does not meet this professional standard of care is negligent.

A physician must also keep informed of the contemporary developments in the medical profession and must use current skills and knowledge.  In other words, a physician must have up-to-date medical skills and knowledge, and if he fails to keep current or fails to use current knowledge in the medical treatment of the patient, the physician is negligent.

You must decide whether Dr. Dye or Dr. Lotner were negligent. If you decide that Dr. Dye or Dr. Lotner were negligent, then you must decide whether this negligence was a factual cause of Justino Vargas's death.  If you so decide, you must decide the amount of damages the estate of Justino Vargas sustained as a result of their negligence.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 14.10 (Civ.).

ACCEPTED:    _____

REJECTED:    _____

COVERED:    _____

MODIFIED:    _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 7:**

The medical care provided in this case must be judged solely on the basis of the facts and circumstances that existed at the time the treatment was rendered.  In other words, in evaluating the conduct of Dr. Dye and Dr. Lotner, you should consider only the information that was reasonably available at the time that they were treating Mr. Vargas in December 2014.

<div style="margin-left: 50%;">

Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206,  217 (1971); Hodgson v. Bigelow, 335 Pa. 497, 7 A.2d 338, 342 (1939); Pratt v. Stein, 298 Pa. Super. 92, 444 A.2d 674, 683 (1982).

</div>

ACCEPTED:       _____

REFUSED:       _____

COVERED:       _____

MODIFIED:       _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 8:**

In order for the Plaintiff to recover in this case, Dr. Dye's or Dr. Lotner's alleged negligent conduct must have been a factual cause in bringing about harm.  Conduct is a factual case of harm when the harm would not have occurred absent the conduct.  To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected.  A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Dr. Dye's or Dr. Lotner's conduct need not be the only factual cause.  The fact that some other causes concur with their alleged negligence in producing an injury does not relieve the Medical Center from liability as long as Dr. Dye's or Dr. Lotner's own negligence is a factual cause of the injury.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 14.20 (Civ.).

ACCEPTED: _____

REJECTED: _____

COVERED: _____

MODIFIED: _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 9:**

There has been evidence in this case concerning customary habit and routine practice.  Evidence of the habit of a person, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of that individual or individuals on a particular occasion was in conformity with their customary habit or routine practice.  Therefore, you may consider the evidence of customary habit and routine practice offered in this case.

Pa.R.E. 406.

ACCEPTED:    _____
REJECTED:    _____
COVERED:    _____
MODIFIED:    _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**

As judges of the facts, you decide the believability of the witnesses' testimony.  This means that you decide the truthfulness and accuracy of each witness's testimony and whether to believe all, or part, or none of each witness's testimony.

The following are some of the factors that you may and should consider when determining the believability of the witnesses and their testimony:

a.     How well could each witness see, hear, or know the things about which he or she testified?

b.     How well could each witness remember and describe those things?

c.     Was the ability of the witness to see, hear, know, remember, or describe those things affected by age or any physical, mental, or intellectual disability?

d.     Did the witness testify in a convincing manner?  How did the witness look, act, and speak while testifying?

e.     Was the witness's testimony uncertain, confused, self-contradictory, or presented in an evasive manner?

f.      Did the witness have any interest in the outcome of this case, or any bias, or any prejudice, or any other motive that might have affected his or her testimony?

g.      Was a witness's testimony contradicted or supported by other witnesses' testimony or other evidence?

h.      Does the testimony make sense?

i.      If you believe some part of the testimony of a witness to be inaccurate, consider whether that inaccuracy casts doubt upon the rest of that same witness's testimony.  You should consider whether the inaccuracy is in an important matter or a minor detail.

You should also consider any possible explanation for the inaccuracy.  Did the witness make an honest mistake or simply forget, or was there a deliberate attempt to present false testimony?

j.      If you decide that a witness intentionally lied about a significant fact that may affect the outcome of the case, you may, for that reason alone, choose to disbelieve the rest of that witness's testimony.  But, you are not required to do so.

k.      As you decide the believability of each witness's testimony,

you will at the same time decide the believability of other

witnesses and other evidence in the case.

l.      If there is a conflict in the testimony, you must decide

which, if any, testimony you believe is true.

As the only judges of believability and fact in this case, you, the

jurors, are responsible to give the testimony of every witness, and all

the other evidence, whatever weight you think it is entitled to receive.

Pennsylvania SSJI (4th Ed.) (May 2014
Supp.) No. 4.20 (Civ.).

ACCEPTED:       _____
REJECTED:       _____
COVERED:        _____
MODIFIED:       _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 11:**

The opinion of an expert is necessary to establish the standard of

care required under the circumstances, that a deviation from said

standard existed, and that the alleged injuries were proximately caused

by the deviation from the standard of care.   Expert testimony is

necessary to establish the causal connection between the injury and

proven negligent conduct in those cases where the connection is not

obvious, such as in this case.

<div style="margin-left:40%">

Pomroy v. Hosp. of Univ. of
Pennsylvania, 105 A.3d 740, 744 – 745
(Pa. Super. 2014); Toogood v. Rogal,
824 A.2d 1140, 1147 (Pa. 2003);
Brannan v. Lankenau Hospital, 417
A.2d 196, 199 (Pa. 1980); Maliszewski
v. Rendon, 542 A.2d 170, 172 (Pa.
Super. 1988), appeal denied, 554 A.2d
510 (Pa. 1988).

</div>

ACCEPTED:      _____

REJECTED:      _____

COVERED:      _____

MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 12:**

During the trial you have heard testimony from both fact witnesses and expert witnesses.

To assist juries in deciding cases such as this one, involving scientific, technical, or other specialized knowledge beyond that possessed by a layperson, the law allows an expert witness with special education and experience to present opinion testimony.

An expert witness gives his or her opinion, to a reasonable degree of professional certainty, based upon the assumption of certain facts. You do not have to accept an expert's opinion just because he is considered an expert in his field.

In evaluating an expert witness's testimony, and/or resolving any conflicting expert witness's testimony, you should consider the following:

- the witness' knowledge, skill, experience, training, and education, and

- whether you find that the facts the witness relied upon in reaching his or her opinion are accurate, and

- all the believability factors I have given you.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 4.80 (Civ.).

ACCEPTED:    _____

REJECTED:    _____

COVERED:    _____

MODIFIED:    _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 13:**

The expert witnesses were asked to assume that certain facts were true and to give an opinion based upon those assumptions. These are called hypothetical questions.

If you find that any important fact assumed in the hypothetical question has not been established by the evidence, you should disregard the expert's opinion given in response to that question.

Similarly, if the expert has made it clear that his or her opinions are based on the assumption that an important fact did *not* exist, and you find that it *did* exist, you should disregard that opinion.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 4.90 (Civ.).

ACCEPTED: _____

REJECTED: _____

COVERED: _____

MODIFIED: _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 14:**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications, experience and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

Pennsylvania SSJI (4th Ed.)  (May 2014 Supp.) No. 4.100 (Civ.).

ACCEPTED:      _____

REJECTED:      _____

COVERED:       _____

MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 15:**

You cannot speculate as to the cause of Justino Vargas's injuries. The Plaintiff has the burden of proving that Mr. Vargas's death was by the acts or omissions of Dr. Dye or Dr. Lotner and if you are left to speculate or guess as to whether Mr. Vargas's injuries were the result of their acts or omissions, you must find in favor of the Defendant.

Cwiakala v. Paal, 427 Pa. 322, 235 A.2d 145, 146-47 (1967); Laubach v. Haigh, 433 Pa. 487, 252 A.2d 682, 683 (1969); Gordon v. Trovato, 234 Pa. Super. 279, 338 A.2d 653, 657 (1975).

ACCEPTED: _____

REFUSED: _____

COVERED: _____

MODIFIED: _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 16:**

The Plaintiff must prove that each of the claimed injuries and

damages were with reasonable certainty caused by the alleged

negligence.  A mere possibility that the claimed injuries and damages

could be related to the negligence at issue is not sufficient proof of

causation.  In such case, the Plaintiff has not met the burden of proof

on the item of injury or damage at issue, and you may not award

Plaintiff any damages for such items.

Gordon v. Trovato, 234 Pa.
Super. 279, 338 A.2d 653, 654,
657 (1975); Rice v. Hill, 315 Pa.
166, 172-73, 172 A. 289 (1934);
Lorch v. Eglin, 369 Pa. 314, 321,
85 A.2d 841, 844 (1952); Baccare
v. Mennella, 246 Pa. Super. 53,
369 A.2d 806, 807, 809 (1976);
American Air Filter Co., Inc. v.
McNichol, 527 F.2d 1297 (3rd.
Cir. 1975).

ACCEPTED:        _____

REFUSED:         _____

COVERED:         _____

MODIFIED:        _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 17:**

The fact that I am instructing you about damages does not imply any opinion on my part as to whether damages should be awarded.

If you find that the Defendant are liable to the Plaintiff, you must then find an amount of money damages you believe will fairly and adequately compensate Plaintiff for all the physical and financial injury Plaintiff has sustained as a result of the occurrence. The amount you award today must compensate the Plaintiff completely for damages sustained in the past, as well as damages the Plaintiff will sustain in the future.

Pennsylvania SSJI (4th Ed.) (May 2014 Supp.) No. 7.00 (Civ.).

ACCEPTED:      _____

REJECTED:      _____

COVERED:      _____

MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 18:**

The Plaintiff has the burden of proving each element of damages

which are sought.  This burden must be carried by submitting evidence

or testimony establishing the amount and type of damages.  Although

the law does not require mathematical exactness to support a claim for

damages, such a claim must be supported by a reasonable basis for

calculation rather than sheer conjecture or guesswork.  The question of

damages may not be submitted to the fact-finder if the Plaintiff fails to

meet this burden.  It is not up to the Defendant to disprove any

element of damage.

James Corp. v. N. Allegheny School Dist., 938 A.2d 474, 495 (Pa. Cmwlth. 2007); Judge Technical Serv., Inc. v. Clancy, 813 A.2d 879, 885 (Pa. Super. 2002); Cohen v. Albert Einstein Med. Ctr., 592 A.2d 720, 729 (Pa. Super. 1991); Vrabel v. Dep't of Transp., 844 A.2d 595 (Pa. Cmwlth. 2004); Kmiotek v. Anast, 39 A.2d 923, 926 (Pa. 1944); Gordon v. Trovato, 338 A.2d 653, 654 (Pa. 1975).

ACCEPTED:      _____

REJECTED:      _____

COVERED:      _____

MODIFIED:      _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 19:**

When a person dies, the damages they would have been entitled to go to their estate or survivors.  The estate and survivors are just as entitled to these damages as the deceased person would have been had she survived.

The Plaintiff, Joanna Vargas, as the administrator of the decedent's estate, claims damages under the Wrongful Death Act and the Survival Act.  She is entitled to make a claim under both acts, but the damages must not be duplicative.

If your verdict is in favor of the Plaintiff, you must then find the amount of money damages that you believe fairly and adequately compensate the Plaintiff as the administrator of the decedent's estate, for all the physical injuries and financial damages sustained as a result of the negligence you found.

The amount you award today must completely compensate the Plaintiff, on behalf of the decedent's estate or all damages sustained in the past as well as all damages you find will be sustained in the future.

The verdict sheet you will receive when you begin your deliberations contains a series of questions that will lead you to a

proper verdict.  There are places for you to record your verdict as to each item of damages.  I will now describe that for you.

A.      Under the Wrongful Death Act, the damages recoverable by the plaintiff are as follows:

*Past Medical Expenses*

The Plaintiff is entitled to be compensated in the amount of all past medical expenses reasonably incurred for the diagnosis and treatment of her injuries in the past.  As indicated on the jury interrogatory verdict sheet, this verdict shall be recorded as a single amount.

*Death-Related Expenses*

The Plaintiff is entitled to be awarded an amount that will cover all funeral, burial, and estate administration expenses incurred.

*Past Lost Contributions*

The Plaintiff is entitled to be awarded an amount that will fairly and adequately compensate Mrs. Vargas for her loss of any contributions she would have received between the time of Mr. Vargas's death and today.  This includes all amounts of money that Mr. Vargas

would have spent for or given to his wife for such items as shelter, food, clothing, medical care, education, entertainment, gifts, and recreation.

*Future Lost Contributions*

The Plaintiff is entitled to be awarded an amount that will fairly and adequately compensate Mrs. Vargas for the value of all sums that Mr. Vargas would have contributed to support her between today and the end of his life expectancy.   This includes all amounts of money that Mr. Vargas would have spent for or given to his wife for such items as shelter, food, clothing, medical care, education, entertainment, gifts, and recreation during his life expectancy.

*Past and Future Noneconomic Damages*

In addition to the monetary contributions that Mr. Vargas would have contributed to his family's support, the Plaintiff is entitled to be awarded a sum that will fairly and adequately compensate the decedent's family for the monetary value of the services, society, and comfort that he would have given to his family had he lived, including such elements as work around the home, provision of physical comforts and services, and provision of society and comfort.

The Plaintiff, on behalf of the surviving children, is entitled to be awarded an amount that will fairly compensate for the loss of services that the decedent as a father would have contributed to his children. It will be your duty to consider the monetary value of such services as guidance, tutelage, and moral upbringing that you believe the children would have received, up to the time you believe such services would have been provided, had the death not occurred.

B.     Under the Survival Act, the damages recoverable by the plaintiff are as follows:

*Past Noneconomic Damages*

The Plaintiff is entitled to be awarded an amount that you believe will fairly and adequately compensate for the mental and physical pain, suffering, and inconvenience and loss of life's pleasures that the decedent endured from the moment of his injury to the moment of his death as a result of this accident. There are four items that make up a damage award for noneconomic loss: (1) pain and suffering, (2) embarrassment and humiliation, (3) loss of ability to enjoy the pleasures of life, and (4) disfigurement.

First, the Plaintiff, on behalf of the decedent's estate, is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress that you find that the decedent endured from the time of injury until the time of his death.

Second, the Plaintiff, on behalf of the decedent's estate, is entitled to be fairly and adequately compensated for such embarrassment and humiliation that you believe the decedent had endured as a result of his injuries.

Third, the Plaintiff, on behalf of the decedent's estate, is entitled to be fairly and adequately compensated for the decedent's loss of his ability to enjoy any of the pleasures of life as a result of the injuries from the time of those injuries until the time of his death.

Finally, the Plaintiff, on behalf of the decedent's estate, is entitled to be fairly and adequately compensated for the disfigurement that the decedent suffered from the time of the injury until the time of his death.

C.     You are to add each of these items of damages together in their proper categories and return your verdict in two lump-sum

amounts, one under the Wrongful Death Act and the second under the

Survival Act.


Pennsylvania SSJI (4th Ed.) (May 2014
Supp.) No. 14.170 (Civ.) (Modified).

ACCEPTED:        _____

REFUSED:        _____

COVERED:        _____

MODIFIED:        _____

**DEFENDANT'S PROPOSED POINT FOR CHARGE NO. 20:**

To receive an award of damages for pain and suffering, Plaintiff must present competent medical evidence establishing that Mr. Vargas was conscious of pain before his death.  If you find that Mr. Vargas did not consciously experience pain, then you should not award any damages for pain and suffering.

<div style="margin-left:auto; text-align:left;">

Williams v. Southeastern Pa. Transp. Auth. 741 A.2d 848, 859 (Pa. Super. 1999); Cominsky v. Donovan, 846 A.2d 1256, 1257 – 1260 (Pa. Super. 2004); Nye v. Com. Dep't of Transp., 480 A.2d 318, 321 -322 (Pa. Super. 1984).

</div>

ACCEPTED:     _____

REFUSED:      _____

COVERED:      _____

MODIFIED:     _____

Respectfully submitted,

Dated:

_____
Jonathan B. Stepanian, Esquire
PA #89147
1249 Cocoa Ave., Suite 210
Hershey, PA  17033
(717) 533-4444
jbstepanian@mqblaw.com
Attorney for Defendant
Penn State Hershey Milton S.
Hershey Medical Center