# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JoAnn Vargas, as Executrix of the Estate of Justino Vargas, and in her own right | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION |
| v. | : <br> : NO.: 1:16-cv-01657-YK |
| Penn State Hershey Milton S. Hershey Medical Center | : <br> : JURY TRIAL DEMANDED |
| Defendant. | : <br> : <br> : |

## PLAINTIFF'S UNCONTESTED MOTION FOR WRONGFUL DEATH AND SURVIVIAL ACT SETTLEMENT APPROVAL

To The Honorable Judges of the Court:

Plaintiff, through counsel, seeks approval of the following through this Petition:

1. Petitioner is JoAnn Vargas, Executrix of the Estate of Justino Vargas.

2. The defendant is Penn State Hershey Milton S. Hershey Medical Center.

3. Suit was started in August, 2016 (1:16-cv-01657-YK); the Complaint is attached as Exhibit "A."

4. This lawsuit involved highly contested allegations that the medical management provided to Justino Vargas was below reasonable standards and caused severe injury to him, and ultimately his death.

5. The parties conducted extensive discovery, and secured multiple expert opinions for liability and damages testimony. Expert discovery proceeded, and shortly before trial was to commence, the parties globally resolved this lawsuit after this Honorable Court conducted a pre-trial/settlement conference.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

1
Vargas v. Hershey Medical Center
PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT APPROVAL

**FACTS:**

6. This medical negligence action involves a claim of negligent misdiagnosis of the source of a deadly gastrointestinal bleed (GI bleed), which resulted in an improper discharge, knowing that the decedent was about to get on flights from Harrisburg, PA to St. Augustine, Florida. The defendant vigorously opposed these assertions an at all times defended the case as appropriate and within the standard of care.

7. Mr. Vargas was admitted to the defendant hospital with a significant GI bleed. He was admitted to the intensive care unit and underwent a colonoscopy and upper GI endoscopy. While his red blood cell count had dropped, he was resuscitated with fluids and other medications. Upon admission, the records reflect that the diagnostic considerations included a lower GI bleed (from his colon). Later, the defendant's health care providers shifted their thinking, and believed the source of the GI bleed was stomach ulcers.

8. After these studies and Mr. Vargas' improving condition, it was determined that Mr. Vargas was appropriate for discharge. Plaintiff contended that the lack of a definite source of the bleed made this discharge decision improper; the defendant vigorously disputed that, and obtained multiple experts to support the diagnostics and discharge planning.

9. Plaintiff alleged, and defendant denied, that this discharge, knowing that Mr. Vargas was about to board a flight to Florida, with the attendant atmospheric pressure changes, placed him at increased risk for developing a re-bleed.

10. The defendant aggressively disputed these allegations and significant discovery, both fact and expert, took place before this matter was resolved.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2
Vargas v. Hershey Medical Center
PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT APPROVAL

11.     Plaintiff alleged that, as a direct result of the premature discharge, Mr. Vargas, in front of his wife, JoAnn, developed a critical GI bleed whilst aboard an airliner at cruising altitude.  In front of his wife, and trapped in the aircraft, he effectively bled to death.

12.     Plaintiff further alleged that, had the defendant's personnel not permitted Mr. Vargas to board the aircraft, this would not have occurred and permitting him to fly increased the risk he would develop a re-bleed, and be trapped, to bleed to death.

13.     The defendant vigorously denied these claims as well.

**COSTS, FEES AND DISTRIBIUTION BREAKDOWN:**

14.     Counsel has incurred and seeks reimbursement for $44,499.52, the costs incurred in prosecuting this lawsuit.  The cost sheets are attached as Exhibit "B."

15.     Counsel's representation included detailed review of many pages of medical records, the preparation of pleadings, propounding detailed and specific written discovery upon all defendants, the preparation of responses to written discovery propounded by the defendants, conducting multiple fact intensive depositions, the preparation for and defense of the depositions of plaintiffs, multiple witness interviews, consultation with multiple expert and lay witnesses for purposes of securing the necessary expert and fact witness testimony, conducting and defending multiple expert depositions, trial preparation of all witness in preparation for trial, preparation of a detailed, and the preparation of this document.

16.     Due to the complexity of this matter, the plaintiff agreed to a 40% net contingent fee; accordingly counsel requests a fee in the amount of $482,200.19, which represents 40% of the net proceeds of the settlement after deduction of costs.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3
Vargas v. Hershey Medical Center
PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT APPROVAL

17. There is no medical lien, and the supporting materials are attached as Exhibit "C."

18. Counsel is of the professional opinion that the proposed distribution is reasonable and appropriate.

19. The Plaintiff-Executrix fully agrees with the settlement terms, the contents of, and requests made in, this Petition.

20. Neither plaintiffs nor counsel will receive collateral payment from any third party for the matter which is the subject of this action.

21. The payments shall be in two installments; the first payment is $750,000.00, within twenty days of the date of this Order, and $500,000.00 payable at the end of the 2018 calendar year from the MCARE Fund.  The breakdown follows:

- Legal expenses in prosecuting this claim:          **$44,499.52**
- Counsel fees:[1]                                                              **$482,200.19**
- Net funds for distribution:[2]                                       **$723,300.29**

22. The Release identifying the terms of this Settlement is attached as Exhibit "D."

23. The Estate of Justino Vargas was opened in St. John's County, Florida, the county in which the Decedent and JoAnn Vargas resided. Pursuant to Justino Vargas's Last Will and Testament, his wife, JoAnn Vargas, is the sole beneficiary of his Estate.

---

[1] This will be taken in a *pro rata* fashion, as each payment is received.

[2] As the Estate of Justino Vargas and JoAnna Vergas, the spouse and duly appointed personal representative, are both Florida residents, and there are no minor children or claimants against the Estate, there is no need for any allocation of net settlement proceeds between the Wrongful Death and Survival Act since there is no inheritance or estate tax payable in Florida.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

24. JoAnn Vargas was appointed Personal Representative of the Estate of her deceased husband, Justino Vargas. *See,* Letters of Administration attached hereto as Exhibit "E".

25. Mrs. JoAnn Vargas is the sole beneficiary of all net amounts distributable from this settlement of wrongful death and survival act claims, as there are no minor children or other takers. Florida Statutes § 768.21.

26. Defense counsel does not oppose this Petition.

**WHEREFORE**, Petitioner requests that this Honorable Court Approve the Motion and enter the attached Order, which recites the above breakdowns and distribution schemes.

>Most Respectfully,
>
>**THE BEASLEY FIRM, LLC**
>
>BY: /s/James E. Beasley, Jr.
>      JAMES E. BEASLEY, JR.

Date: 2 August 2018

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

5
Vargas v. Hershey Medical Center
PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT APPROVAL

## VERIFICATION

I hereby state that I am the plaintiff and agree with the entirety of the Petition for Settlement Approval to which this Verification is appended. The undersigned understands that the statements made therein are subject to penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____
JoAnn Vargas

Dated: 7-25-18

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
www.beasleyfirm.com

6
Vargas v. Hershey Medical Center
PLAINTIFF'S UNCONTESTED PETITION FOR SETTLEMENT APPROVAL