# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right | : <br> : <br> : <br> : CIVIL ACTION <br> : |
| Plaintiff, | : |
| v. | : NO.: <br> : |
| Penn State Hershey Milton S. Hershey Medical Center <br> 500 University Drive <br> Hershey, PA  17033-0850 | : **PLAINTIFF'S COMPLAINT** <br> : <br> : <br> : **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : <br> : <br> : |

## INTRODUCTION

1. This is a medical negligence action involving the 3 December 2014 death of Justino Vargas from a massive gastrointestinal bleed while on an airplane traveling from Pennsylvania to Florida.  Justino Vargas, along with his wife JoAnna, came to the Penn State Hershey Medical Center on 2 December 2014 with significant bleeding via his rectum, along with other complications of an acute, massive bleed such as acute renal failure. Mr. Vargas underwent testing which failed to reveal the source of the bleeding; in spite of that, Mr. Vargas was permitted to leave, and the Defendants knew that he was about to embark on a flight from Pennsylvania to Florida.  While on that flight, over the North Carolina area, Mr. Vargas experienced a massive GI bleed from which he ultimately died.

2. JoAnna Vargas was present for the negligent treatment, discharge, and the deadly, horrific GI bleed suffered by her husband while trapped, en-route to Florida, on

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
**WWW.BEASLEYFIRM.COM**

1

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**

the aircraft. She suffered extreme physical and emotional pain and suffering due to her witnessing the negligent treatment, discharge, and then the extreme bleeding, suffering and death of her husband.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy as to Plaintiff vastly exceeds the jurisdictional requirements to guarantee a jury trial, exclusive of interest and costs, and because Defendants are incorporated and have their principal place of business in state other than the state in which the named individuals and representative Plaintiff reside. This Court has personal jurisdiction over the Defendants because all of the actions herein occurred in this judicial district.

## PARTIES AND OTHER ENTITIES

**PLAINTIFF:**

4. Plaintiff, JoAnna Vargas, as Executrix of the Estate of Justino Vargas, and in her own right, brings this action on behalf of the Estate of Justino Vargas and on her own behalf. She resides at 152 Casa Bella, St. Augustine, Florida 32086.

**DEFENDANT:**

5. Defendant Penn State Hershey Milton S. Hershey Medical Center (Medical Center) offers medical, surgical and diagnostic services at its hospitals, community satellite facilities, and in physician offices, with a place of business at the above listed address.

6. Plaintiff is pursuing a professional liability claim against the Medical Center and its agents, servants and employees involved in Mr. Vargas' negligent care

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
**WWW.BEASLEYFIRM.COM**

2

and treatment, including Daniel Lotner, M.D., Isabel J. Brea, M.D., Simon R. Mucha, M.D., Charles E. Dye, M.D., and Amy Welch, M.D.

7. The Medical Center is liable for the acts of its agents, servants, ostensible or apparent agents and/or employees.

## **FACTS**

### **A. JUSTINO VARGAS ARRIVES AT DEFENDANTS' HOSPITAL WITH A MASSIVE GI BLEED RESULTING IN ACUTE BLOOD LOSS AND ACUTE RENAL FAILURE**

8. On 2 December, 2014, Justino Vargas, accompanied by his wife, JoAnna Vargas, arrived at the Defendants' emergency room via ambulance with a history of diverticulosis and two episodes of bleeding per his rectum. Upon arrival to the ER, he was anemic, lightheaded, tachycardic and hypotensive.

9. Mr. Vargas was admitted to the Medial Center in guarded condition, with the diagnosis of acute blood loss anemia.

10. A CT scan was performed which confirmed the diverticulosis.

11. The Defendants obtained an upper GI endoscopy, which revealed small ulcers with clear bases, but no evidence of any recent bleeding.

12. The Defendants obtained a colonoscopy, which revealed "tics" and hemorrhoids, but no bleeding.

13. The Defendants were aware that Mr. Vargas had a history of lower GI diverticular bleeding which required coagulation to control.

14. In spite of there being no evidence of any stigmata of recent hemorrhage on upper GI or colonoscopy, the Defendants concluded that there was a low risk of

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER
PLAINTIFF'S COMPLAINT**

rebleeding and proceeded to discharge Mr. Vargas, even though they knew he was about to embark on a multi-hour flight from Pennsylvania to Florida.

15. Mrs. Vargas was present and aware of the Defendants' conclusions, and expressed concern for permitting Mr. Vargas to fly to Florida given the severity of the earlier bleed which brought him to the ER.

16. The Defendants told Mr. and Mrs. Vargas that there was a low risk of rebleed and therefore authorized a medical discharge.

17. Mr. and Mrs. Vargas boarded their flight, and regrettably during the flight Mr. Vargas again, in plain view of Mrs. Vargas, the passengers, and flight crew, began his deadly, acute GI bleeding. He went to the bathroom to try and control it, but that was unsuccessful.

18. In spite of an emergency landing in North Carolina, Mr. Vargas effectively bled to death in front of Mrs. Vargas, to her shock and horror.

19. Mrs. Vargas was present for and contemporaneously aware of the negligence, and its sequelae to Mr. Vargas, which has caused her severe and permanent emotional and physical suffering.

**B. AS A DIRECT AND PROXIMATE RESULT OF THE FAILURE TO FIND THE SITE OF BLEEDING AND THE IMPROPER DISCHARGE, JUSTINO VARGAS WAS CURSED TO BLEED TO DEATH, WHILE TRAPPED IN AN AIRLINER.**

20. As written above, Mr. and Mrs. Vargas were permitted to leave the hospital, in spite of the Defendants finding no site which would account for the active bleeding, and that decision placed Mr. and Mrs. Vargas in a most precarious situation, being trapped, on an airliner, while Mr. Vargas bled to death due to an acute GI bleed.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

21. Mr. Vargas was found, on autopsy, to have one liter of blood in his abdominal cavity, and a GI perforation and dilated vessels which likely contributed to the diverticular hemorrhage.

22. Specifically, on autopsy, the pathologist noted the following:

> One of the ascending colon diverticular outpouchings has a perforation site and appears to be the origin of the abdominal fresh blood. Within the large bowel there is approximately 1.5 liters of fresh and clotted blood.

23. As a result of the negligent diagnosis and improper discharge, Mr. Vargas died due to a preventable, treatable lower GI bleeding source which was obviously missed on colonoscopy.

## THEORIES OF LIABILITY

### JoAnna Vargas, as Executrix of the Estate of Justino Vargas v. Defendant Penn State Hershey Milton S. Hershey Medical Center

24. Plaintiff incorporates by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further alleges as follows:

25. As set forth above, the Defendants acted on behalf of themselves and the Medical Center while managing Mr. Vargas' acute GI bleed and deciding to discharge him in spite of there being no identified source for the GI bleed which emergently brought Mr. Vargas to the Medical Center, and failed to ensure that Mr. Vargas received a proper evaluation and diagnosis, prior to agreeing to discharge Mr. Vargas to fly on an airliner which caused the internal hemorrhaging and injuries described in this Complaint; this failure was a factual cause of the injuries and damages claimed by the Plaintiff.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**

26. As set forth above, Defendant Medical Center acted by and through its agents identified in this Complaint and the medical records.

27. Defendant Medical Center failed to have policies, procedures and/or protocols in place to assure only reliable, quality imaging results be used in diagnoses and treatment plans.

28. The Medical Center's agent, servant and/or employee, Dr. Lotner, failed to properly evaluate Mr. Vargas and his risk for a rebleed prior to authorizing his discharge on 3 December 2014.

29. The Medical Center's agents, servants, and/or employees, Daniel Lotner, M.D., Isabel J. Brea, M.D., Simon R. Mucha, M.D., Charles E. Dye, M.D., and Amy Welch, M.D., failed to recognize the failure of either the upper GI or colonoscopy to identify a bleeding source, and to recognize that the failure to have identified a bleeding source obviously meant that there was another, undiscovered site which would likely result in a rebleed, and in death if Mr. Vargas began to bleed while in the air.

30. The Medical Center's agents, servants, and/or employees, Daniel Lotner, M.D., Isabel J. Brea, M.D., Simon R. Mucha, M.D., Charles E. Dye, M.D., and Amy Welch, M.D., failed to properly evaluate Mr. Vargas and his risk for a rebleed prior to authorizing his discharge on 3 December 2014.

31. The personal injuries and losses of the Plaintiff were caused by the named Defendant, acting by and through its agents, servants ostensible or apparent agents and employees, in their care of Mr. Vargas, who knew, or had reason to know, of the lack of a source for this acute GI bleed, and the risks of not finding the source before agreeing to discharge Mr. Vargas. In so doing, Defendants created a high degree of risk of physical

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**

harm to Mr. Vargas, and Defendants deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk.

32. As a result of all Defendants' actions and omissions resulting in the failure to diagnose the source of the acute GI bleed and the improper discharge, Mr. Vargas suffered the following:

(a) Severe, acute GI bleed while trapped in an airliner;

(b) Severe pain and suffering while bleeding to death in the airliner;

(c) Panic due to the inability to control the bleeding or obtain medical treatment for this acute GI bleed;

(d) Conscious awareness of the effects of the acute blood loss;

(e) Damage to his nerves and nervous system;

(f) Considerable physical pain and suffering;

(g) Considerable mental pain and suffering;

(h) Humiliation and embarrassment;

(i) Inability to engage in the usual household family, and social activities;

(j) Loss of earning capacity;

(k) Loss of life's pleasures;

(l) Death.

**WHEREFORE**, Plaintiff hereby demands judgment against all named Defendants, jointly, severally and/or individually in an amount in excess of the statutory limits, plus costs and delay damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
**WWW.BEASLEYFIRM.COM**

7

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**

## CAUSES OF ACTION

## WRONGFUL DEATH

33. Plaintiff incorporates by reference the averments of the preceding paragraphs as though fully set forth at length.

34. Plaintiff, as Executrix of the Estate of Justino Vargas, brings this action for Wrongful Death pursuant to 42 Pa.C.S. §8301 and Pa.R.C.P. 2202(a). The Decedent's survivors include are all entitled to recover damages for this death, pursuant to 42 Pa.C.S. §8301 and Pa.R.C.P. 2202(a) and confirmed in <u>Hatwood v. Hospital of the University of Pennsylvania, et al.</u>, 55 A.3d 1229; (Pa. Super. 2012).

35. The injuries suffered by the Plaintiff in the death of Justino Vargas, and the damages resulting there from, were proximately caused by the acts, omissions and/or other tortious conduct of the Defendants named herein, as described *supra*.

36. As a direct and proximate result of the death of Justino Vargas, the Decedent's survivors have been deprived of future aid, assistance, services, comfort, and financial support.

37. As a further result of the tortious conduct of the above-named Defendants, the Decedent's survivors have been caused to expend various sums for hospital, medical, funeral, administration, and other expenses for which they are entitled to recover pursuant to the Wrongful Death statute.

**WHEREFORE**, Plaintiff, as Executrix of the Estate of Justino Vargas, hereby demands judgment against all named Defendants, jointly, severally and/or individually in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

## SURVIVAL ACT

38. Plaintiff incorporates by reference the averments of the preceding paragraphs as though fully set forth at length.

39. Plaintiff, as Executrix of the Estate of Justino Vargas, brings this action on behalf of the Decedent's Estate pursuant to 20 Pa.C.S. §3373 and 41 Pa.C.S. 8302 for damages suffered by the estate as a result of the Decedent's death, including the Decedent's pain and suffering, inconvenience, loss of life's pleasures, loss of earnings, loss of earning capacity, and other items of damage permitted pursuant to the statutory cause of action.

**WHEREFORE**, Plaintiff, as Executrix of the Estate of Justino Vargas, hereby demands judgment against all named Defendants, jointly, severally and/or individually in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs and delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## JOANNA VARGAS v. ALL DEFENDANTS

94. Plaintiff incorporates by reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

95. JoAnna Vargas was, as described in this complaint, acutely aware of the mismanagement and negligent discharge of her husband, Justino Vargas, and further

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**

witnessed, to her extreme horror, her husband bleed to death while trapped in an airliner.

96. JoAnna Vargas experienced direct sensory and contemporaneous observation of:

    a. the negligent acts and omissions of the management of the acute GI bleed during the 2 December 2014 ER visit and admission to the Medical Center;

    b. the negligent discharge from the Medical Center, without providing a source for the acute bleed as well as the negligent assertion that there was a low risk of re-bleed;

    c. The immense emotional and physical pain and suffering as a result of the acute GI rebleed while trapped in an airliner;

    d. the panic associated with being acutely aware of her husband being unable to obtain medical care to control this massive rebleed while trapped in the airliner;

    e. the severely ill condition of her husband in the airliner, once the emergency landing occurred and during his unsuccessful resuscitation and death.

97. All of the damages claimed in this Count are due to the actions and omissions described herein, witnessed, observed and experienced by Plaintiff, JoAnna Vargas.

98. As a result of the above acts and omissions, JoAnna Vargas has suffered, and continues to suffer, from physical and emotional injuries, including nightmares, sleeplessness, anxiety, depression, and other physical and emotional injuries directly related to the observed neglect described in this complaint.

99. The Defendants' acts and omissions as set forth in this complaint which were observed and understood by the Plaintiff were at all relevant times the direct and

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
**WWW.BEASLEYFIRM.COM**

proximate cause of Plaintiff's physical and emotional injuries.

**WHEREFORE**, Plaintiff hereby demands damages of all Defendants in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

    Respectfully submitted,

    **THE BEASLEY FIRM, LLC**

    By:   /s/James E. Beasley, Jr.
          James E. Beasley, Jr., Esquire
          1125 Walnut Street
          Philadelphia, PA 19107-4997
          (215) 592-1000
          (215) 592-8360 (telefax)
          Attorneys for Plaintiff

Dated: 10 August 2016

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

11

**JOANNA VARGAS, EXECUTRIX OF THE ESTATE OF JUSTINO VARGAS V. PENN STATE HERSHEY MEDICAL CENTER**
**PLAINTIFF'S COMPLAINT**