# EXHIBIT D

## FULL AND FINAL RELEASE

1. **FOR AND IN CONSIDERATION** of the sum of $750,000 paid to the undersigned, receipt of which is hereby acknowledged; and for the promise of payment in the amount of $500,000 made by the Medical Care Availability and Reduction of Error Fund ("Mcare"), the undersigned do fully release and discharge The Milton S. Hershey Medical Center, Penn State Health, The Penn State Health Self-Insurance Trust, Penn State Hershey Milton S. Hershey Medical Center, The Pennsylvania State University, Mcare, all other persons, governmental entities, associations and corporations whether or not named herein, their heirs, executors, administrators, attorneys, successors, assigns and insurers, and their respective agents, servants and employees (hereafter referred to collectively as "Releasees"), from any and all causes of action, claims and demands of whatsoever kind on account of all known and unknown injuries, losses and damages allegedly sustained by the undersigned and, specifically, from any claims or joinders for sole liability, contribution, indemnity or otherwise as a result of, arising from, or in any way connected with all medical professional health care services rendered by the above named Health Care Providers, and on account of which Legal Action was instituted by the undersigned in the United States District Court for the Middle District of PA, Docket No. 1:16-CV-01657-YK. All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The undersigned does understand, and agrees, that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability by any party named herein.

2. It is expressly understood and agreed that this release and settlement is intended to cover and does cover not only all now known injuries, losses and damages, but any further injuries, losses and damages which arise from, or are related to, the occurrence set forth in the Legal Action noted above.

3. The undersigned hereby agrees, on her behalf and on behalf of her heirs, executors, successors and/or assigns, to satisfy any and all valid liens that have been asserted and/or which could be or may be asserted for reimbursement of any medical benefits or other benefits provided to the undersigned by a third party as a result of the injuries claimed in the Legal Action referenced herein. Further, the undersigned shall satisfy, by way of payment, reduction, and/or compromise, any and all Commonwealth of Pennsylvania Department of Human Services and/or Medicare and/or other statutory liens and conditional payments that have been, or may be, asserted against the plaintiff or the proceeds

of this settlement. The undersigned shall satisfy and otherwise comply with any requirement for a Medicare Set-Aside and/or statutory and/or regulatory provision or requirement regarding the protection of assets from these settlement proceeds for future medical care and treatment. Additionally, the undersigned hereby agrees, on her behalf and on behalf of her heirs, executors, successors and/or assigns, to indemnify and save forever harmless the Releasees named in this document from and against any and all claims, demands or actions, known or unknown, made against the Releasees by any person or entity on account of, or in any manner related to or arising from the Legal Action noted above.

4. In the event court approval is required for the settlement, compromise or resolution of this claim, this settlement is conditioned upon plaintiff promptly undertaking any and all necessary action to obtain same. It is further understood and agreed that if court approval is required for any aspect of the settlement of this claim that, notwithstanding the provisions of Pa. R.C.P. 229.1, defendant shall not be obligated to pay the settlement funds for a period of twenty (20) days from receipt of this executed Release or Court Order approving settlement, whichever is later, and, as further condition and agreement upon which this settlement is based, plaintiff agrees to waive any and all provisions of Pa. R.C.P. 229.1 with respect to entitlement of interest.

5. If this settlement is ever determined by any court to be without effect because some necessary court approval was not obtained, or if the released parties are subjected to further legal action or claim which could not have been instituted or presented had proper court approval been obtained by plaintiff, then plaintiff will indemnify the released parties for any future loss, cost, or expense, including but not limited to, reasonable attorney's fees for defending, litigating and settling any such claims or action, and for any judgment resulting from any such claim or action.

6. It is further understood and agreed that this is the complete release agreement, and that there are no written or oral understandings or agreements, directly or indirectly, connected with this release and settlement, that are not incorporated herein. This agreement shall be binding upon and inure to the successors, assigns, heirs, executors, administrators, and legal representatives of the respective parties hereto.

7. It is fully understood and agreed that the amount promised to be paid by Mcare shall not become payable until December 31, 2018.

8. It is further understood and agreed and made part hereof, that the undersigned, her family and representatives and her attorney(s) shall not comment, either directly or indirectly, on any aspect of this case or settlement to any member of the news media, or in any way publicize or cause to be publicized in any news or communications media, including but not limited to newspapers, magazines, journals, radio, television, on-line computer systems and law-related publications, the facts of this case, the existence of this settlement and the terms and conditions of this settlement. If the undersigned, her family, representatives and/or attorney(s) file any court document(s) identifying the terms and/or conditions of this settlement, they shall request that the court immediately seal such document(s) and take whatever reasonable steps are necessary to seek to assure that such document(s) are not accessible or disclosed to anyone.

9. THE UNDERSIGNED HEREBY DECLARES that the terms of this settlement have been completely read; and that she has discussed the terms of this settlement with legal counsel of her choice; and said terms are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims on account of the injuries and damages above-mentioned, and for the express purpose of precluding forever any further or additional suits arising out of the aforesaid claims.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this __25th__ day of __June__ 20__18__.

_____ (SEAL)
JoAnna Vargas, Individually and Executrix of the Estate of Justino Vargas, Deceased

__107__ - __40__ - __0751__
Signatory Social Security number
Signatory Address __4917 Coquina Crossing Dr__
__Elkton, FL 32033__

3

_____  -  _____  -  _____
Justino Vargas Social Security number

_____
Justino Vargas Date of Birth

_____
Date of Incident to be reported to CMS

_____
Tax ID # - Plaintiff Attorney Firm

Joanna Vargas
**SWORN** to and subscribed before me this
25th Day of June 20 18.

_____
Jessica Tryon
NOTARY PUBLIC

JESSICA TRYON
Commission # GG 140196
Expires October 8, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

**If Medicare Eligible and Known:**

1. Injury Code: _____
2. ICD-9 Diagnosis Code(s): _____  _____  _____  _____  _____